```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __3/31/22__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re,                                                       :
                                                             :
60 91ST STREET CORP.,                                        :
                                                             :         21-cv-968 (ALC)
                                    Debtor.                  :
-------------------------------------------------------------x         **OPINION AND ORDER**
                                                             :
KIM MORTIMER,                                                :
                                    Appellant,               :
                                                             :
                                                             :
            -against-                                        :
                                                             :
                                                             :
HEIDI J. SORVINO, *as Chapter 11 Trustee*,                   :
                                                             :
                                    Appellee.                x
-------------------------------------------------------------

**ANDREW L. CARTER, JR., District Judge:**

*Pro se* Appellant Kim Mortimer was the sole shareholder of Debtor 60 91st Street Corp., which owned one asset, a nine-unit apartment building ("Property"). This is an appeal arising from an order of the United States Bankruptcy Court for the Southern District of New York dated February 25, 2021 ("Order"), which approved and confirmed Appellee Chapter 11 Trustee Heidi J. Sorvino's ("Appellee" or "Trustee") plan for the liquidation of Debtor's assets ("Plan") and authorized the sale of Debtor's assets. Appellee moves to dismiss the appeal. After careful consideration, Appellee's motion to dismiss is granted and the appeal is dismissed.

## BACKGROUND[1]

On February 4, 2020, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. Debtor functioned as a debtor in possession under Sections 1107 and 1108 of the Bankruptcy Code.

---

[1] The following summary of relevant facts is drawn from the parties' moving papers and exhibits.

On April 28, 2020, the Bankruptcy Court *sua sponte* found cause for and directed the appointment of a Chapter 11 trustee. On April 30, 2020, the Bankruptcy Court approved Sorvino as the Chapter 11 Trustee. On May 12, 2020, Mortimer appealed the order directing the appointment of the Trustee. On March 8, 2021, the Honorable Lorna G. Schofield dismissed the appeal and affirmed the order. *See In re 60 91st St. Corp.*, No. 20 Civ. 4032, 2021 WL 860375, at *4 (S.D.N.Y. Mar. 8, 2021), *appeal dismissed*, No. 21-646 (2d Cir. June 16, 2021).

On August 26, 2020 and November 19, 2020, the Bankruptcy Court entered orders (1) finding Mortimer in contempt of prior court orders, (2) granting monetary and non-monetary sanctions, (3) enjoining Mortimer from contacting tenants of the Property, and (4) directing Mortimer to turn over requested books and records. The November 19, 2020 contempt order also granted the Trustee the turnover of Mortimer's apartment at the Property. On September 1, 2020, Mortimer appealed the August 26, 2020 contempt order. On September 9, 2021, the Honorable Paul A. Engelmayer dismissed the appeal, noting that Mortimer had "established a pattern of interference with the bankruptcy proceedings." *In re 60 91st St. Corp.*, No. 20 Civ. 7654, 2021 WL 4124734, at *5 (S.D.N.Y. Sept. 9, 2021).

On February 25, 2021, the Bankruptcy Court entered its Confirmation and Sale Order, authorizing the sale of substantially all of Debtor's assets—including the Property—and confirming the Plan.

On March 22, 2021, the Trustee closed on the sale of Debtor's assets. On May 12, 2021, the Plan became effective. In accordance with the Plan, the Trustee distributed to creditors the proceeds of the sale and the remaining cash. At the time of the Trustee's motion to dismiss, the proceeds had been mostly distributed, and only the payment of professionals remained as a

significant Plan obligation. On September 9, 2021, the Bankruptcy Court entered a Final Decree, closing the case and finding the Plan to be fully administered.

On February 1, 2021, Mortimer filed a notice of appeal relating to the Bankruptcy Court's approval of the sale of the Property.[2] On March 9, 2021, this Court set April 8, 2021 as the date by which Mortimer was to file an opening brief. Mortimer failed to do so. On July 22, 2021, the Trustee filed the instant motion to dismiss. ECF No. 6. Mortimer did not respond. The Court ordered Mortimer to respond by January 18, 2022, and then extended Mortimer's time to respond to February 2, 2022. On January 19, 2022, the Trustee filed a letter supplementing its motion to dismiss and opposing Mortimer's request for an extension of time. Mortimer filed her brief in response on February 2, 2022 and filed an amended response on February 3, 2022. The Trustee did not file a reply brief.

As Mortimer is a *pro se* appellant, the Court affords her "special solicitude," and interprets her filings "to raise the strongest claims that [they] suggest[]." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (internal quotation marks and citations omitted).

## LEGAL STANDARD

The Court has jurisdiction to hear appeals from bankruptcy courts under 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders and decrees . . . [and] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a). A district court reviews the bankruptcy decision on appeal "independently," thus "accept[ing] the bankruptcy court's factual findings unless clearly erroneous but review[ing] its conclusions of law *de novo*." *See In re Johns-Manville Corp.*, 759 F.3d 206, 214 (2d Cir. 2014) (internal quotation marks and

---

[2] Mortimer's filing was premature as the Bankruptcy Court had not yet entered an order approving the sale.

3

citations omitted). "Under the clear error standard, [t]here is a strong presumption in favor of a [bankruptcy] court's findings of fact if supported by substantial evidence, and a reviewing court will not upset a factual finding unless [it is] left with the definite and firm conviction that a mistake has been made." *Morillo v. Wells Fargo Bank, N.A.*, No. 19-CIV-8183 (PMH), 2020 WL 2539068, at *2 (S.D.N.Y. May 19, 2020) (internal quotation marks and citations omitted).

## DISCUSSION

This appeal warrants dismissal pursuant to the doctrine of equitable mootness. A Court may dismiss a bankruptcy appeal as equitably moot when "even though effective relief could conceivably be fashioned, implementation of that relief would be inequitable." *In re Motors Liquidation Co.*, 829 F.3d 135, 167 (2d Cir. 2016) (internal quotation marks and citations omitted). Equitable mootness is intended to allow courts "to avoid disturbing a reorganization plan once implemented." *In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 144 (2d Cir. 2005). In the Second Circuit, there is a presumption of equitable mootness when a reorganization plan has been substantially consummated. *Matter of MPM Silicones, L.L.C.*, 874 F.3d 787, 804 (2d Cir. 2017). Under section 1101(2) of the Bankruptcy Code, "substantial consummation" is defined as

> (A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan.

*Ahuja v. LightSquared Inc.*, 644 F. App'x 24, 26 (2d Cir. 2016) (citing 11 U.S.C. § 1101(2)).

The presumption of equitable mootness can be overcome only upon a showing of the following five factors ("*Chateaugay* factors"):

> [1] the court can still order some effective relief;
> [2] such relief will not affect the re-emergence of the debtor as a revitalized corporate entity;

> [3] such relief will not unravel intricate transactions so as to knock the props out from under the authorization for every transaction that has taken place and create an unmanageable, uncontrollable situation for the Bankruptcy Court;
> [4] the parties who would be adversely affected by the modification have notice of the appeal and an opportunity to participate in the proceedings; and
> [5] the appellant pursued with diligence all available remedies to obtain a stay of execution of the objectionable order if the failure to do so creates a situation rendering it inequitable to reverse the orders appealed from.

*In re Chateaugay Corp.*, 10 F.3d 944, 952–53 (2d Cir. 1993).

First, the Plan has been substantially consummated. The numerous transactions and distributions occurring after the Plan's Effective Date demonstrate that the plan has been substantially consummated. See ECF No. 12 at 2 ("Following the Effective Date, the Chapter 11 Trustee distributed to creditors all proceeds of the sale and all cash remaining available to the bankruptcy estate in accordance with the Plan of Liquidation . . . . [o]n September 9, 2021, the Bankruptcy Court entered a Final Decree to close the bankruptcy case as the Debtor's bankruptcy estate had been fully administered.").

Second, the *Chateaugay* factors favor dismissal. Mortimer did not seek to obtain a stay of the Order nor did Mortimer seek an expedited appeal. Rather, Mortimer took no action in this case until almost a year after she initiated it and many months after the Trustee filed its motion to dismiss. While the Court acknowledges the challenges of Mortimer's circumstances and the COVID-19 pandemic, the *Chateaugay* factor requiring diligence in requesting a stay is a "chief consideration." *In re Metromedia Fiber Network, Inc.*, 416 F.3d at 144. "In the absence of any request for a stay, the question is not solely whether we can provide relief without unraveling the [p]lan, but also whether we should provide such relief in light of fairness concerns." *Id.* at 145. Overturning the Order and ordering effective relief would require "rewriting and unraveling the integrated terms of th[ese] extensively negotiated transaction—which would be beyond our power." *In re Motors Liquidation Co.*, 428 B.R. 43, 60–61 (S.D.N.Y. 2010). Awarding Mortimer

5

the relief she seeks could result in millions of dollars "in previously satisfied claims . . . spring[ing] back to life, thereby potentially requiring the bankruptcy court to reopen the plan of reorganization." *In re Windstream Holdings, Inc.*, 838 F. App'x 634, 637 (2d Cir. 2021). Accordingly, it would be inequitable to grant Mortimer relief and the appeal is therefore moot.

## CONCLUSION

The Court has considered Mortimer's remaining arguments and finds them to be meritless. Thus, the Court dismisses this appeal as moot. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 6, remove this case from the list of open bankruptcy appeals, and close this action. The Clerk of Court is also respectfully directed to mail a copy of this opinion and order to *pro se* Plaintiff.

**SO ORDERED.**

**Dated: March 31, 2022**
    **New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**